NUMBER 13-01-015-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




DIEGO GARCIA , Appellant,

v.


THE STATE OF TEXAS , Appellee.





On appeal from the 138th District Court

of Cameron County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Castillo


Diego Garcia appeals his convictions for aggravated assault on a public servant and unlawful possession of a firearm by a
felon. (1) Garcia pled guilty to the two offenses and was sentenced by the court to thirteen years in prison for the aggravated
assault offense and ten years in prison for unlawful possession of a firearm by a felon. (2) 

Anders Brief

Appellant's court-appointed counsel has filed a brief stating that he has thoroughly reviewed the clerk's record and the court
reporter's record in this case and found that this appeal is wholly frivolous. Anders v. California, 386 U.S. 738, 744 (1967). 
Counsel has certified that he has notified appellant of his right to file a pro sebrief. No such brief has been filed. Counsel
has presented no arguable points of error to this Court. Counsel has given a professional evaluation of the record,
demonstrating with references to both legal precedent and pages in the record why there are no arguable grounds to be
advanced. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). 

Conclusion

In reviewing the record carefully as mandated by Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we agree with appellant's
counsel that the appeal is wholly frivolous and without merit. Accordingly, we affirm the judgment of the trial court.
Furthermore, we order appellant's attorney to notify appellant of the disposition of this appeal and of the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of December, 2001.

 

1. Tex. Pen. Code Ann. §§22.02(a)(2) & 22.02(b)(2)(Vernon 1994), and Tex. Pen. Code Ann. §46.04(a)(1)(Vernon 1994),
respectively.

2. There was no plea agreement as to the punishment to be assessed. There was an agreement between the parties that the
State would drop the enhancement paragraphs which had increased the punishment to that for a habitual felony offender.
See Tex. Pen. Code Ann. §12.42(d) (Vernon Supp. 2001).